## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 96-CA-00875-SCT

*ESTHER STEPHENS*

*v.*

*TELSA MOORE*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

<u>**MEMORANDUM/PER CURIAM AFFIRMANCE**</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 07/15/96 |
| TRIAL JUDGE: | HON. SARAH P. SPRINGER |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | MARK HERNDON TYSON |
| ATTORNEY FOR APPELLEE: | CHARLES P. LEGER |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 8/7/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

This case arises from a grandmother's desire to be named guardian of her eleven-year-old granddaughter. The child, whose father died, was the monthly recipient of $373 in social security survivor's benefits. The grandmother sought to have her own daughter declared an unfit parent, in order to be named general guardian of the child and the child's income.

There was very little, if any, evidence that the mother was unfit. The evidence reflected, and the chancellor found, that the mother worked at a fast-food restaurant and provided, as best she could, for the needs of all her children. In addition, the mother had sought the help of a social worker to improve her parenting and home maintenance skills. The social worker testified that the mother was adequate.

Thus, the grandmother failed to meet her burden of "clear proof" that the mother was unfit. For this reason, the ruling of the chancellor denying the grandmother's petition for guardianship is affirmed,

*per curiam. **McKee v. Flynt***, 630 So. 2d 44, 46-47 (Miss. 1993) (grandparents have no rights, as against the natural parent, unless the parent is totally unfit or abandons the child).

**JUDGMENT IS AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**